IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER HOOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| MENDELSON LAW FIRM, a partnership, ) | |
| PAUL I. MENDELSON, doing business as ) | |
| Mendelson Law Firm or as a partner of ) | |
| Defendant MENDELSON LAW FIRM; and ) | |
| DAVID L. MENDELSON, doing business ) | |
| as Mendelson Law Firm or as a partner of ) | |
| Defendant MENDELSON LAW FIRM; ) | **JURY OF 12 DEMANDED** |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

1. This action arises out of the violations by Defendant of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt which Defendant asserts is owed by Plaintiff to a third party.

### I. Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) as this is an action arising under federal law, and, specifically, under the FDCPA.

3. Venue in this District is proper because Plaintiff resides in this District, Defendant directed illegal communications violating the Fair Debt Collection Practices Act into this District and, upon information and belief, the Defendant engages in business in this District by seeking to collect debts owed by persons located in this District.

## II. Parties

4. Plaintiff is an individual resident of Roane County, Tennessee.

5. Upon information and belief, Defendant Mendelson Law Firm is a general partnership, the partners of which include Defendants David L. Mendelson and Paul I. Mendelson.

6. Upon information and belief, Defendant Paul I. Mendelson is either an individual doing business as "Mendelson Law Firm" or a general partner in Defendant Mendelson Law Firm, a general partnership.

7. Upon information and belief, Defendant David L. Mendelson is either an individual doing business as "Mendelson Law Firm" or a general partner in Defendant Mendelson Law Firm, a general partnership.

8. Upon information and belief, all of the defendants may be served with process at 799 Estate Place, Memphis, Tennessee 38120.

9. Upon information and belief, the Defendants jointly conduct debt collection activities together under the name "Mendelson Law Firm," and are accordingly hereinafter referred to collectively as "Defendant."

## III. Facts

### A. Defendant is a "Debt Collector" as Defined in 15 U.S.C. § 1692a(6)

10. Upon information and belief, at the time of the events complained of herein, Defendant regularly collected or attempted to collect, directly or indirectly, obligations or alleged obligations of consumers to pay money arising out of transactions in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purpose, and which

obligation was owed or due or asserted to be owed or due to a person other than Defendant.

11. In other words, at the time of the events complained of herein, Defendant was a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

12. Attached hereto as Exhibit A is a newspaper article in which Defendant is quoted as stating that "95 percent of what we do is represent creditors in collection and bankruptcy issues."

**B.  Defendant Sought to Collect a "Debt" as Defined in 15 U.S.C. § 1692a(5)**

13. Defendant attempted to collect upon an alleged debt that Defendant asserts Plaintiff owes to Crescent Bank & Trust ("Debt").

14. Defendant has asserted that the Debt was incurred by Plaintiff for personal, family, or household purposes.

15. Defendant sued Plaintiff in Roane County, Tennessee General Sessions Court, and attached to the Civil Summons a Retail Installment Contract and Security Agreement purportedly entered into between Plaintiff and Anything on Wheels, Inc. which states that the "Primary use" of the vehicle being purchased was "Personal, family or household." A true and accurate copy of the Roane County General Sessions Court Civil Summons and the documents attached thereto is attached hereto as Exhibit B, and the referenced language is on the third page of Exhibit B.

16. Defendant has asserted that the Debt was owed by Plaintiff to a person other than the Defendant, and, specifically, that the Debt was owed to Crescent Bank & Trust.

17. In other words, the Debt is a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

### C. Defendant Violated the FDCPA in Attempting to Collect the Debt

18. Prior to the filing of the Roane County General Sessions lawsuit, Defendant, through a female employee or other agent, contacted Plaintiff by telephone to attempt to collect the Debt.

19. Specifically, Defendant's agent attempted to collect the Debt by telling Plaintiff that she (Defendant's agent) was calling from a law firm about Plaintiff's car loan, and inquiring about Plaintiff's intention to pay that loan.

20. This telephone call was the first communication Plaintiff received from Defendant regarding the Debt.

21. Upon information and belief, Defendant's agent did not disclose during this initial telephone call that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

22. Upon information and belief, Defendant failed to send Plaintiff within five days of this initial communication by Defendant's agent a written notice stating (1) the amount of the Debt; (2) the name of the creditor to whom the Debt is allegedly owed; (3) a statement that unless Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by Defendant; (4) a statement that if Plaintiff notified Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the Debt and a copy of such verification would be mailed to Plaintiff by Defendant; and (5) a statement that, upon Plaintiff's written request within the thirty-day period, the

Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

23. Indeed, upon information and belief, Defendant did not send Plaintiff any written notice or other written communication of any sort at any time prior to suing Plaintiff in Roane County General Sessions Court.

24. After the initial telephone call, Defendant, again through a female employee or other agent, again contacted Plaintiff by telephone to attempt to collect the Debt.

25. During this second telephone call, Plaintiff requested that Defendant mail Plaintiff information regarding the Debt.

26. However, upon information and belief, after this second call, despite being explicitly requested by Plaintiff to mail Plaintiff information regarding the Debt, Defendant failed to send Plaintiff with any notice stating (1) the amount of the Debt; (2) the name of the creditor to whom the Debt is allegedly owed; (3) a statement that unless Plaintiff, within thirty days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by Defendant; (4) a statement that if Plaintiff notified Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the Debt and a copy of such verification would be mailed to Plaintiff by Defendant; and (5) a statement that, upon Plaintiff's written request within the thirty-day period, the Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

27. Over a month after the telephone calls, without ever providing Plaintiff with the notice required by 15 USC 1692g, the information Plaintiff explicitly requested be mailed, or any other written communication of any sort, Defendant sued Plaintiff in

the General Sessions Court for Roane County, Tennessee. The Civil Warrant was the first writing of any sort Plaintiff received from Defendant.

28.     Defendant violated 15 USC 1692e by failing to disclose in its initial communication with Plaintiff that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

29.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the written notice required by that statute.

Wherefore, Plaintiff prays that the Court:

A.     Empanel a jury of 12 to try all issues of fact;

B.     Grant Judgment against the Defendant:

1.     For compensatory damages, including compensation for anguish, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1); and

2.     For statutory damages in the amount of $1,000 for each of Defendant's violations of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C.     Award Plaintiff her costs in this cause, including but not limited to her reasonable attorney's fees and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3);

D.     Tax the costs of the Court in this cause against Defendant; and

E. Grant Plaintiff such other and further relief to which Plaintiff may be entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

_____
Mark N. Foster, BPR #023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333
*Attorney for Plaintiff*